<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY MCCOY, FRANCIS WOOD, CHRISTIAN DUTESCU, MICHELLE PEDERSON, LAUREN PECK, and MEGAN TOMSIK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 21-19470<br><br>**OPINION**<br><br>August 8, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Samsung Electronics America's ("Defendant") Motion to Dismiss Tony McCoy, Francis Wood, Christian Dutescu, Michelle Pederson, Lauren Peck, and Megan Tomsik's (together, "Plaintiffs") Third Amended Complaint (ECF 38, "TAC."). (ECF 42, "MTD.") Plaintiffs opposed the motion. (ECF 46, "Opp.") Defendant filed a reply. (ECF 47, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiffs allege that between November 2018 and November 2019 they each bought a Chromebook from third-party retailer Best Buy. (ECF 39, TAC ¶¶ 22, 30, 38, 46, 53, 61.) Plaintiffs also allege that "[t]he fact that Defendant advertised and warranted it as a premium and durable 2-in-1 laptop/tablet with high-end features was material to [Plaintiffs] and to other reasonable consumers." (*Id.* ¶¶ 23, 31, 54.) They further allege that, after the hinges on their Chromebooks broke, they spent a substantial amount of time researching the issue on the internet. (*Id.* ¶¶ 42, 67.) Plaintiffs include numerous publicly available negative reviews regarding the same purported Defect in the TAC. (*Id.* ¶¶ 103, 104-08.)

According to Plaintiffs, the Chromebooks' hinges have a defect which prevents them "from being used as advertised." (*Id*. ¶ 87.) The purported Defect "causes one or more of the hinge arms to separate from its mount inside the display, which ultimately damages the display and cracks the screen and/or prevents owners from opening, closing, or adjusting the displays of the Class Device for fear of damaging the screen glass." (*Id.*) Plaintiffs continue that "the plastic mount in the display to which the hinge assembly is affixed fails and detaches from its attachment point within the display, thus causing the Defect." (*Id*. ¶ 89.) When the consumer "attempts to change the display angle by applying force to it, the detached hinge arm exerts pressure on the underside of the display glass." (*Id.*) Plaintiffs continue that "when the display is moved, the resistance of the hinge causes the screen and surrounding plastic to shatter, damaging the screen and rendering further use of the laptop very difficult (and dangerous)." (*Id.*)

---

[1] The facts and procedural history are drawn from the Third Amended Complaint (ECF 39, TAC) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the TAC are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Plaintiffs also allege that Samsung was aware, or should have been aware, of the Defect based on pre-release product testing, warranty repair inquiries, online posts and comments, and its affiliate's patent applications. (*Id*. ¶¶ 93-109.)

In their Third Amended Complaint, Plaintiffs assert claims for: 1) breach of the implied warranty of merchantability; 2) violation of the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"); 3) violation of the Oklahoma Consumer Protection Act ("OCPA"); 4) violation of the Missouri Practices Act ("MMPA"); 5) violation of the Ohio Consumer Sales Practice Act ("OCSPA"); 6) violation of New York General Business Law ("NYGBL") Section 349; 7) violation of NYGBL Section 350; 8) unjust enrichment; 9) fraudulent omission or concealment; and 10) "declaratory and injunctive relief."

Plaintiff Tony McCoy initiated this action on November 1, 2021. On September 20, 2023 Judge McNulty granted in part and denied in part Defendant's motion to dismiss the Second Amended Complaint. (ECF 30, September Opinion.) On November 15, 2023, Plaintiffs filed the Third Amended Complaint. (ECF 39, TAC.) On December 15, 2023, Defendant moved to dismiss Plaintiffs' Third Amended Complaint. (ECF 42, MTD.) Plaintiffs filed a brief in opposition. (ECF 46, Opp.) Defendant filed a reply. (ECF 47, Reply.)

## II.    <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims."  *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III.   **ANALYSIS**

Defendant argues that this Court should dismiss Plaintiffs' implied warranty claims, consumer statutory and fraudulent omissions claims, unjust enrichment claims, and declaratory and injunctive relief claims. (*See generally,* ECF 42, MTD.) Plaintiffs claim that each of these causes of action has been sufficiently plead to survive a 12(b)(6) motion to dismiss. (*See generally,* ECF 46, Opp.) The Court will address each claim.

### A.  **Implied Warranty Claims**

Defendant argues that Plaintiffs' implied warranty claims fail for three reasons: (1) Plaintiffs allege no facts that show unmerchantability; (2) Plaintiffs' Class Devices performed

longer than warrantied, and Plaintiffs allege no facts as to how Defendant manipulated the warranty period; and (3) Plaintiffs were not in privity with Samsung. (ECF 42, MTD at 2, 8-15.) Plaintiffs argue that a one-year limitation on an implied warranty is unconscionable and that exceptions to privity requirements apply. (ECF 46, Opp. at 5-11.)

Plaintiffs do not dispute that their Chromebooks' implied warranty of merchantability is limited to the same period as the express warranty: one year. (ECF 42-3 at 3.) Plaintiffs similarly do not contest that their Chromebooks allegedly failed after the one-year warranty period had expired. (ECF 39, TAC ¶¶ 22, 24, 30, 32, 38, 40, 46, 48, 61, 63, 66.) Plaintiffs again argue that Defendant's one-year limitation on the implied warranty is unconscionable. (ECF 46, Opp. at 5-8.) Plaintiffs may avoid the durational limit of a warranty if the limit is found unconscionable. *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-2765, 2017 WL 1902160, at *11 (D.N.J. May 8, 2017). Invoking that exception requires that Plaintiffs plead 1) substantive unconscionability, *i.e.*, that the contract "involve[es] an exchange of obligations so one-sided as to shock the court's conscience," and 2) procedural unconscionability, *i.e.*, "an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *DeFrank v. Samsung Elecs. Am., Inc.*, No. 19-21401, 2020 WL 6269277, at *18 (D.N.J. Oct. 26, 2020). Knowledge of the defect plus manipulation of the warranty to avoid liability is sufficient to allege substantive unconscionability and survive a motion to dismiss. *Skeen v. BMW of N. Am., LLC*, No. 13-1531, 2014 WL 283628, at *14 (D.N.J. Jan. 24, 2014). The Third Amended Complaint alleges that "Samsung, with knowledge of the latent defect, manipulated the warranty so as to ensure the warranty expired before the defect materialized and the consumer became aware of it." (ECF 39, TAC ¶ 115.) The Third Amended Complaint also plausibly alleges that Samsung had pre-sale knowledge of the purported Defect taking together allegations of the pre-release

production testing (*id.* ¶¶ 94-104), warranty repair inquiries (*id.* ¶ 101), online comments and posts about the Chromebooks (*id.* ¶¶ 102-108), and Samsung affiliate's patent applications (*id.* ¶ 109). As before, Plaintiffs have adequately pled substantive unconscionability based on knowledge of the defect and manipulation of the warranty terms to avoid the cost thereof. *Skeen*, 2014 WL 283628, at *14.

As to procedural unconscionability, "[c]ourts have held that a warranty is procedurally unconscionable when the manufacturer knew of the defect and concealed it while the consumer had no means to negotiate the warranty." *Opheim v. Volkswagen Aktiengesellschaft*, No. 20-02483, 2021 WL 2621689, at *8 (D.N.J. June 25, 2021) (citations omitted). As discussed, Plaintiffs adequately alleged pre-sale knowledge, and that Samsung did not disclose the purported Defect. (ECF 39, TAC ¶ 137.) Plaintiffs have adequately pled that the one-year warranty limitation is unconscionable.

However, even when unconscionability voids a manufacturer-imposed time limit on claims, the claims must still satisfy "the law applicable to the implied warranty of merchantability," including the usual requirement that the defect be one that manifests shortly after purchase. *Bullard*, 2023 WL 4845873, at *9. "A claim for breach of implied warranty must ordinarily arise shortly after purchase." *Skeen*, 2014 WL 283628, at *16 (citing *Sheris v. Nissan N. Am. Inc.*, No. 07-2516, 2008 WL 2354908, at *6 (D.N.J. 2008)). "[A] consumer may not recover for breach of implied warranty of merchantability where they used a product . . . 'without problems for years.'" *Sheris*, 2008 WL 2354908, at *6. As discussed in the September Opinion, Plaintiffs failed to allege that the Defect appeared in the Chromebook within the period "shortly after purchase," nor did Plaintiffs allege other facts sufficient to support an inference that they were not saleable. (ECF 30, September Opinion at 14.) Here, Plaintiffs fail to make allegations that would

cure the deficiency explained in the September Opinion: the shortest alleged period before the Defect manifested itself approximately one year and three months after purchase. (ECF 39, TAC ¶¶ 53, 55.) As such, the implied warranty of merchantability claims are again dismissed for failure to state a claim.[2]

### B. Consumer Statutory and Fraudulent Omissions Claims

Plaintiffs allege violations of state consumer protection statutes in Florida, Oklahoma, Missouri, Ohio, and New York and also allege fraudulent omission or concealment.[3] (ECF 39, TAC ¶¶ 142-215, 219-229.) Plaintiffs argue that except for the MMPA, the consumer statutory claims are not subject to heightened Rule 9(b) pleading standards. (ECF 46, Opp. at 11-34.) Plaintiffs also argue that they sufficiently allege their fraud and state consumer statutory claims. (*Id*. at 12-20.)

#### 1. Fraudulent Omission

Defendant again argues that Plaintiffs' fraud claims fail because the TAC does not allege facts showing that they saw or relied on any actionable statement. (ECF 42, MTD at 16-19.) As previously noted in the September Opinion, omission-based fraud claims face a "somewhat relaxed" version of the Rule 9(b) heightened pleading standard. *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 451 (D.N.J. 2012). "This is because 'a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim.'" *Majdipour v. Jaguar Land Rover N. Am., LLC*, No. 12-07849, 2013 WL 5574626, at *15 (D.N.J. Oct. 9, 2013) (quoting *Falk v. Gen. Motors Corp.*, 496

---

[2] Because the Court dismisses the implied warranty of merchantability claims for failure to allege that the Defect appeared within the period shortly after purchase, the Court does not address remaining arguments regarding privity, insufficiency of the warranty manipulation allegation, or otherwise at this time.

[3] Here again, as noted in the September Opinion, parties address common law fraudulent omission and consumer protection statute claims together—occasionally noting differences between relevant statues and common law. The Court will again endeavor to draw the necessary distinctions.

F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007)). "A plaintiff can carry his Rule 9(b) burden to plead consumer fraud by omission through allegations showing that a manufacturer knew of a defect in its product prior to the plaintiff's purchase and concealed it from consumers." *Yagudauev v. BMW of N. Am., LLC*, No. 20-897, 2020 WL 6689799, at *8 (D.N.J. Nov. 13, 2020) (citations omitted). However, under generally applicable principles of New Jersey law, an omission may form the basis for a fraud claim if (a) the party had a duty to disclose the information based on a special relationship, or (b) the "disclosure is necessary to make a previous statement true." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 602-03 (D.N.J. Aug. 16, 2016) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir 1993)). Here, as before, Plaintiffs have not sufficiently alleged a fraudulent omission claim based on a duty to disclose or misleadingly incomplete representations. (*See* ECF 30, September Opinion at 17-18.) There are again no allegations of a fiduciary or otherwise special relationship with Defendant that would give rise to a duty to disclose. (*See generally,* ECF 39 TAC.) Rather, the allegations regarding a duty to disclose are legal conclusions disguised as factual assertions. (*Id.* ¶¶ 152, 196-97, 227.) Alternatively, Plaintiffs argue that if the alleged defect implicates safety, the defendant has a duty to disclose. To support this argument, Plaintiffs largely cite out-of-district case law applying the safety risk standard to New York and Ohio law. However, the TAC fails to allege sufficient details as to how the Defect posed a safety risk analogous to the safety risks in their cited cases.[4] (*Id.* ¶¶ 40, 197.) As such, the Court dismisses Plaintiffs' fraudulent omission/concealment claim.

### 2. Consumer Statutory Claims

Plaintiffs again allege violations of the FDUTPA, OCPA, MMPA, OCSPA, and newly-allege violations of NYGBL Section 349 and Section 350 in the TAC. (ECF 39.) "In alleging fraud

---

[4] The TAC notably fails to allege a specific safety risk or a physical injury to a named Plaintiff that would implicate their new safety risk theory.

or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, a plaintiff must allege "all of the essential factual background that would accompany 'the first paragraph of a newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 217 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)). Plaintiffs argue that only the MMPA claim is subject to the Rule 9(b) heightened fraud pleading standard. However, because the Court evaluates Plaintiffs' claims based on some form of fraud or misrepresentation, it applies Rule 9(b) to statutory claims alleged in this action.[5]

With respect to the FDUTPA claim, the Court previously dismissed the claim because the SAC lacked concrete allegations of reliance. (ECF 30, September Opinion at 16-18.) Specifically, the Court stated that "Plaintiffs do not specifically allege what the [marketing and sales materials] stated, or allege that they actually saw and relied on particular statements in making their purchasing decisions." (*Id*. at 17.) Plaintiff Christian Dutescu is the Florida-based plaintiff who brings the FDUTPA claim against Defendant on behalf of himself and the Florida subclass. (ECF 39, TAC ¶¶ 143-144.) However, here again, the TAC fails to concretely and specifically allege reliance. Plaintiffs failed to ameliorate the pleading deficiency explained in the September Opinion: virtually nothing was added to specify what exactly Plaintiff Dutescu relied on. Rather, the TAC states "Plaintiff Dutescu relied on the marketing and sales materials present at the Best Buy retail location concerning the Class Device's durability and functionality. Best Buy marketed

---

[5] *See Snowdy v. Mercedes-Benz USA, LLC*, No. 23-1681, 2024 WL 1366446, at *15 (D.N.J. April 1, 2024) (applying Rule 9(b) to FDUTPA and NYGBL) (citing *Diaz v. FCA US LLC*, No. 21-0906, 2022 WL 4016744, at *19 (D. Del. Sept. 2, 2022)); *see also Kondash v. Kia Motors Am., No.* 15-506, 2016 WL 11246421 at *10 (S.D. Ohio June 24, 2016) (requiring OCSPA claim be pled with particularity); *Parrish v. Arvest Bank*, No. 15-0913, 2016 WL 3906814, at *2 (W.D. Okla. July 14, 2016) (applying Rule 9(b) pleading requirements to OCPA claim).

Dutescu's Class Device as offering '360° flip-and-fold design' and '[o]ffers versatile functionality with laptop, audience, tabletop, presentation and tablet modes.'" (ECF 39, TAC ¶ 39.) It remains unclear what specific materials Dutescu saw, and what statements (other than previously-identified non-actionable puffery) Dutescu relied on. (*See* ECF 30, September Opinion at 16.) Additionally, although the FDUTPA "does not limit its protection to acts occurring exclusively in Florida," Plaintiffs must "allege that at least some improper acts occurred in Florida." *In re Am. Fin. Res., Inc.*, No. 22-01757, 2023 WL 3963804, at *10 (D.N.J. Mar. 29, 2023) (citing *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) (citations omitted)). Plaintiffs' allegations do not specify which acts, if any, occurred in Florida. Rather, Plaintiffs rely on general allegations that Defendant misrepresented the Class Devices through its advertisements and public statements that took place in and was directed at Florida. These allegations are insufficient to state an FDUTPA claim. As such, the Court again dismisses the FDUTPA claim.

The reliance issue also defeats the MMPA claim again. As previously noted in the September Opinion, "there remains the failure to sufficiently allege reliance [as to the MMPA claim]." (ECF 30, September Opinion at 19.) Plaintiff Francis Wood is the Missouri-based plaintiff who brings the MMPA claim against Defendant on behalf of himself and the Missouri subclass. (ECF 39, TAC ¶¶ 180-83.) However, the TAC fails to concretely and specifically allege reliance. Plaintiffs failed to ameliorate the pleading deficiency explained in the September Opinion and included virtually identical allegations as to Plaintiff Dutescu and Plaintiff Wood. (*Id.* ¶ 31.) No allegations specify what exactly Plaintiff Wood relied on. The Court accordingly dismisses the MMPA claim again.

With respect to the previously dismissed OCPA claim, Plaintiffs make no argument or otherwise oppose Defendant's Motion to Dismiss. (*See generally*, ECF 46, Opp.) Plaintiffs also

did not modify or otherwise change their previously dismissed OCPA claim. (*See generally,* ECF 39, TAC.) As such, the Court will dismiss the OCPA claim again.

With respect to the OCSPA claim, Plaintiffs previously failed to satisfy OCSPA's notice requirements. (ECF 30, September Opinion at 21-22.) Ohio law provides that "a consumer 'may qualify for a class action only when a supplier acted in the face of prior notice that its conduct was deceptive or unconscionable." *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 743 (N.D. Ohio 2010) (citing O.R.C. § 1345.09(B)). "The requisite notice must be in the form of: (1) a rule adopted by the Ohio Attorney General; or (2) a judicial decision involving substantially similar conduct." *Id.* Plaintiff now asserts that the notice issue has been cured in the TAC through citations to case law that "put Defendant on notice." (ECF 46, Opp. at 31.) However, the cases cited do not capture the specific acts at issue here nor do they involve substantially similar acts. (*See* ECF 39, TAC ¶ 192.) No case involves Defendant, Defendant's products, or laptops generally. Because the cited cases are not substantially similar to the case at bar, Plaintiffs have not met the standard to proceed under the OCSPA. *See Ewalt v. GateHouse Media Ohio Holdings II, Inc.*, No. 19-4262, 2021 WL 825978, at *15 (S.D. Ohio Mar. 4, 2021). As such, the OCSPA claim is dismissed again.

Finally, the Court assesses the newly alleged NYGBL claims. In order to state a claim under the NYGBL, "the transaction in which the consumer is deceived must occur in New York." *Rodriguez v. It's Just Lunch, Int'l*, No. 07-9227, 2010 WL 685009, at *7 (S.D.N.Y. Feb. 23, 2010). "This test 'does not turn on the residency of the parties[.]'" *English v. Danone N. Am. Pub. Ben. Corp.*, No. 22-5105, 2023 WL 4187515, at *2 (S.D.N.Y. June 26, 2023). The TAC contains no facts specifying where Plaintiff Peck's transaction took place. Plaintiffs attempt to plead new facts satisfying the territoriality requirement in the opposition brief. (ECF 46, Opp. at 27.) However, "[i]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to

dismiss." *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (quoting *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Further, to establish a prima facie case under Section 349 of the NYGBL, "plaintiffs must demonstrate that '(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" *In re Scotts EZ Seed Litig.*, No. 12-4727, 2013 WL 2303727, at *10 (S.D.N.Y. May 22, 2013) (quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). "[Deceptive acts are those] likely to mislead a reasonable consumer acting reasonably under the circumstances." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (internal quotation marks and citation omitted). As noted above, here again, the allegations for Plaintiff Peck are nearly identical to the allegations for Plaintiff Dutescu and Plaintiff Wood. (ECF 39, TAC ¶ 54.) There is no specific allegation as to what marketing and sales materials were deceptive, which were misleading, or how the misleading acts were material. Additionally, "to make a claim under [NYGBL Section 350], a plaintiff must plead reliance on a false advertisement at the time the product was purchased." *Gordon v. Target Corp.,* No. 20-9589, 2022 WL 836773, at *12 (S.D.N.Y. Mar. 18, 2022). As previously discussed, there is no specific allegation as to what false advertisement Plaintiff Peck specifically relied on at the time of her purchase. As such, the NYGBL claims are dismissed without prejudice.

### C.  Unjust Enrichment Claims

Defendant argues that Plaintiffs' unjust enrichment claim fails because it cannot survive as an independent claim after underlying warranty and fraud claims are dismissed, because Plaintiffs fail to allege direct benefit conferred on Defendant, and because New York does not allow for unjust enrichment claims that are duplicative of other claims being brought. (ECF 42, MTD at 32-34.) Plaintiffs argue it would be premature to dismiss the unjust enrichment claim and otherwise

contend that the claim is sufficiently pled. (ECF 46, Opp. at 34-36). The Court previously dismissed the Florida and Ohio unjust enrichment claims and allowed the Oklahoma and Missouri claims to proceed. (ECF 30, September Opinion at 22-25.)

As previously discussed in the September Opinion, under Florida law, a direct benefit is a requirement for an unjust enrichment claim. *See Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." (citation omitted)); *DeFrank*, 2020 WL 6269277, at *22 ("[T]he presence of an intermediary rules out an unjust enrichment claim under Florida law. . . . [P]laintiffs must re-allege their claim with a plaintiff who purchased his or her dryer directly from [defendant]."). Because Plaintiffs Dutescu and Pederson both allege in the Third Amended Complaint that they purchased their Chromebooks from a third-party retailer, rather than directly from Samsung, their Florida unjust enrichment claims are again dismissed.

Similarly, under Ohio law, "an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment without establishing that a benefit had been conferred upon that defendant by the purchaser." *Johnson v. Microsoft Corp.*, 834 N.E. 2d 791, 799 (Ohio 2005). Thus, a claim for unjust enrichment against a manufacturer will not survive where a plaintiff purchased the product at a retailer and does not allege that he or she paid any money directly to the manufacturer. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 952-93 (N.D. Ohio 2009) (holding that plaintiffs failed to state a claim for unjust enrichment under Ohio law because they "fail[ed] to allege that they entered into any economic transaction with [defendant]," as opposed to a third-party retailer). Plaintiff Tomsik again alleges she purchased her Chromebook not from Samsung, but from Best Buy, and therefore fails again to state a claim for unjust enrichment under Ohio law.

New York law, in contrast, allows for looser claims of unjust enrichment, allowing claims to proceed without privity, or "direct dealing." *Waldman v. New Chapter, Inc.*, 714 F.Supp.2d 398, 403 (E.D.N.Y. 2010). New York law also allows for free-standing unjust enrichment claims. *See Myun-Uk Choi v. Tower Rsch. Cap. LLC*, 890 F.3d 60, 69 (2d Cir. 2018). To state a claim for unjust enrichment, a plaintiff must allege: "(1) that the defendant benefited, (2) at the plaintiff's expense, and (3) that equity and good conscience require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation marks omitted). Similarly, as discussed in the September Opinion, Oklahoma law "appear[s] to [have] a somewhat relaxed version of the 'direct benefit' requirement imposed by the laws of other states." (ECF 30, September Opinion at 24.) The Court previously allowed the unjust enrichment claims under Missouri and Oklahoma law to proceed as alleged. As such, the Court allows the New York, Missouri, and Oklahoma unjust enrichment claims to proceed at this time.

### D.  Declaratory and Injunctive Relief

This Court previously dismissed Plaintiffs' claim for declaratory and injunctive relief for lack of standing. (ECF 30, September Opinion at 25-27.) Defendant contends that Plaintiffs have not addressed the previously-identified standing issue and argue that the declaratory and injunctive relief claim is redundant of the underlying claims, is an unavailable equitable remedy, and is not an independent cause of action.  (ECF 42, MTD at 34-37; *see also* ECF 47, Reply at 15.)  Plaintiffs contend that this claim is not redundant and argue that Plaintiffs "remain interested in purchasing Defendant's laptops in the future but have received no assurances that Defendant has remedied the defect." (ECF 46, Opp. at 37-38.)

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Additionally, "[w]hen seeking injunctive relief, it is not enough to allege past injury from the defendant's actions; rather, the plaintiff 'must establish that she is likely to suffer future injury from the defendant's conduct.'" *Remtek Servs., Inc. v. Wells Fargo Bank, N.A.*, No. 19-12790, 2020 WL 241332, at *5 (D.N.J. Jan. 16, 2020) (quoting *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018)). "[A]llegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (citation and internal quotation marks omitted). An injunction is unavailable "where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The burden is on Plaintiffs to establish standing. *Id.* at 101-02.

As discussed in the September Opinion, Plaintiffs' "vague, speculative, and conditional assertions are insufficient to establish a reasonable likelihood of future harm." (ECF 30, September Opinion at 26 (citing *Potts v. Johnson & Johnson Consumer Inc.*, No. 20-10406, 2021 WL 2177386, at *8 (D.N.J. May 28, 2021) ("Plaintiff's alleged desire to purchase the Products in the future as a means of establishing the likelihood that they will suffer an ongoing harm, is pure speculation.")).) Plaintiffs have not cured the previously identified standing deficiency and have not otherwise addressed standing in their subsequent briefing. Further, this Court previously dismissed the declaratory judgment request as it amounted to a request for a coercive injunction, not a "declar[ation of] the rights or other legal relations" of the parties. 28 U.S.C. § 2201(a). Because Plaintiffs have failed to establish standing to seek injunctive relief, the Court again dismisses these claims.

IV.     <u>**CONCLUSION**</u>

For the reasons stated above, Defendant's Motion to Dismiss (ECF 42) is **GRANTED IN PART AND DENIED IN PART**. Counts I, II, III, IV, V, IX, and X of the Third Amended Complaint (ECF 38) are dismissed with prejudice. Counts VI, VII, and VIII are dismissed without prejudice. The New York, Missouri, and Oklahoma unjust enrichment claims survive. Within sixty (60) days, Plaintiff may file an amended complaint addressing the deficiencies identified in this Opinion. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties

16