<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TONY MCCOY, FRANCIS WOOD, CHRISTIAN DUTESCU, MICHELLE PENDERSON, LAUREN PECK, and MEGAN TOMISK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 21-19470<br><br>**OPINION & ORDER**<br><br>January 22, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration. (ECF 52, "Motion.") Defendant opposed the motion. (ECF 53, "Opp.") Plaintiffs filed a reply. (ECF 54, "Reply.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED**.

**WHEREAS** Plaintiffs allege they each bought a Chromebook from third-party retailer Best Buy. (*See* ECF 39, TAC.) Plaintiffs allege that Defendant advertised and warranted the Chromebook as a premium and durable 2-in-1 laptop/tablet with high-end features material to Plaintiffs and other reasonable consumers. (*See id.*) They further allege that the hinges on their Chromebooks broke, a defect that prevents them from being used as advertised. (*See id.*) The Third Amended Complaint asserted claims for 1) breach of the implied warranty of merchantability; 2) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); 3) violation of

the Oklahoma Consumer Protection Act ("OCPA"); 4) violation of the Missouri Merchandising Practices Act ("MMPA"); 5) violation of the Ohio Consumer Sales Practice Act ("OCSPA"); 6) violation of New York General Business Law ("NYGBL") Section 349; 7) violation of NYGBL Section 350; 8) unjust enrichment; 9) fraudulent omission or concealment; and 10) "declaratory and injunctive relief." Defendant moved to dismiss Plaintiffs' Third Amended Complaint. (ECF 42, MTD.) The Court granted in part and denied in part Defendant's motion to dismiss. (*See* ECF 48, "August Opinion.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the August 8, 2024 Opinion herein; and

**WHEREAS** Plaintiffs seek reconsideration of the August Opinion only with respect to the dismissal of the FDUTPA, NYGBL, and MMPA claims regarding reliance. (Motion at 2.) Plaintiffs argue that reliance is not a required element for FDUTPA, NYGBL, or MMPA claims and that this warrants reversal of the Court's August Opinion. (*Id.* at 2-12.) Defendant argues, *inter alia*, that Plaintiffs' motion does not demonstrate any error in dismissing the FDUTPA, NYGBL, or MMPA claims because the August Opinion dismissed them for several independent reasons. (Opp. at 8-12); and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-

2

4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** here, Plaintiffs did not cite an intervening change in controlling law or availability of new evidence, nor demonstrate clear error of law. The FDUTPA claim and NYGBL claims were dismissed for several reasons including because the Third Amended Complaint failed to specify where particular transactions took place and whether any acts occurred in Florida.[1] (August Opinion at 10-12.) Additionally, Defendant emphasizes that reasonable reliance is an element of MMPA claims as amended in 2020. *See Dedloff v. Whole Foods Mkt. Grp., Inc.*, 688 F. Supp. 3d 893, 900-01 (E.D. Mo. 2023).

Accordingly, **IT IS** on this 22nd of January 2025,

**ORDERED** that Plaintiffs' motion for reconsideration (ECF 52) is hereby **DENIED**.

**SO ORDERED.**

---

[1] Plaintiffs are welcome to argue in subsequent motion practice whether reliance is required under the relevant statute for the NYGBL claims in its anticipated Fourth Amended Complaint. However, the Court declines to reverse its decision with respect to the FDUTPA and MMPA claims that it previously dismissed with prejudice.

                                                               */s/ Jamel K. Semper*
                                                               **HON. JAMEL K. SEMPER**
                                                               **United States District Judge**

Orig:   Clerk
cc:      Jessica S. Allen, U.S.M.J.
         Parties