<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TONY MCCOY, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    *Defendant*. | Civil Action No. 21-19470<br><br>**OPINION**<br><br>December 29, 2025 |

**SEMPER,** District Judge.

  The current matter comes before the Court on Defendant Samsung Electronics America, Inc.'s ("Defendant") renewed motion to dismiss Plaintiffs' Fourth Amended Complaint (ECF 58, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 60, "Mot.") Plaintiffs opposed the renewed motion. (ECF 63, "Opp.") Defendant replied. (ECF 64, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion is **GRANTED** in part and **DENIED** in part.

  **I.**  <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>[1]

  This matter arises from a consumer class action regarding physical defects in Chromebooks purchased by the Plaintiffs from Samsung Electronics America, the manufacturer of the Class Devices. (*See generally* FAC.) For purposes of the instant motion, the Court does not retrace this

---

[1] The Court draws the facts and procedural background from the FAC, and the allegations within must be accepted as true solely for purposes of this motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

case's full factual and procedural history. This Court's August 8, 2024 Opinion, granting in part and denying in part Defendant's motion to dismiss the Third Amended Complaint (ECF 38, "TAC"), includes a detailed recounting of the factual background of this matter. (*See* ECF 48, "August Opinion" or "Op.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the August Opinion herein.

In its August Opinion, the Court dismissed Counts I, II, III, IV, V, IX, and X of Plaintiffs' TAC with prejudice[2] and Counts VI, VII, VIII without prejudice.[3] (Op. at 15-16.) Count VIII—specifically unjust enrichment for the states of New York, Missouri, and Oklahoma —was the only surviving claim. (*Id.*) On February 20, 2025, Plaintiffs filed their Fourth Amended Complaint. (*See* FAC.) In the FAC, Counts I and II are claims under New York General Business Laws ("NYGBL") §§ 349 and 350. (FAC ¶¶ 101-15.) Count III is the surviving unjust enrichment claim now realleged as a "Multi-State Unjust Enrichment" claim for states "which contain unjust enrichment laws similar to . . . New York, Missouri, and Oklahoma." (*Id.* ¶ 90.) The FAC also asserts new facts for Plaintiff Lauren Peck ("Plaintiff Peck"), including (1) the address where she bought her Chromebook, (2) the intended use for the Chromebook, (3) the importance of quality and durability as a factor in her purchase, and (4) the serial number of the Chromebook. (*Id.* ¶¶ 35-36.) On March 31, 2025, Defendant filed its motion to dismiss pursuant to Federal Rule of Civil

---

[2] The claims dismissed with prejudice in Plaintiffs' TAC include: (1) breach of implied warranty of merchantability, (2) violation of Florida's Unfair & Deceptive Trade Practices Act, (3) violation of the Oklahoma Consumer Protection Act, (4) violation of the Missouri Merchandise Practices Act, (5) violation of the Ohio Consumer Sales Practices Act, (6) fraudulent omission or concealment, and (7) a request for declaratory and injunctive relief. (TAC ¶¶ 129-201, 220-31.)

[3] The claims dismissed without prejudice in Plaintiffs' TAC include: (1) violation of New York's General Business Law § 349 Deceptive Acts and Practices, (2) violation of New York's General Business Law § 350 False Advertising, and (3) unjust enrichment (as to Florida, Ohio, and New Jersey). (TAC ¶¶ 202-19.)

2

Procedure 12(b)(6). (Mot.) On May 12, 2025, Plaintiffs filed a brief in opposition. (Opp.) On June 9, 2025, Defendant filed a reply. (Reply.)

## II. LEGAL STANDARD

In assessing whether a complaint states a cause of action sufficient to survive dismissal under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878 (internal quotation marks omitted) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks omitted) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. ANALYSIS

Plaintiffs argue that Plaintiff Peck has successfully pled an actionable omissions-based claim under NYGBL §§ 349, 350. (Opp. at 5.) Plaintiffs also reassert their surviving unjust enrichment claim as a multi-state unjust enrichment claim for states "which contain unjust enrichment laws similar to . . . New York, Missouri, and Oklahoma." (FAC ¶ 90.) Defendant argues that Plaintiffs fail to allege adequate facts to establish either NYGBL claim. (Mot. at 12-23.) Defendant further asserts that Plaintiffs' multi-state unjust enrichment claim must fail because Plaintiffs do not identify what state laws apply, and because Plaintiffs lack standing to assert unjust

enrichment claims for additional states with laws similar to New York, Missouri, and Oklahoma. (*Id.* at 26-28.)  The Court will address each argument in turn.

### A. NYGBL §§ 349, 350

Plaintiffs reallege their NYGBL claims, yet their Fourth Amended Complaint fares no better than its previous iteration.  In the August Opinion, the Court dismissed Plaintiffs' two NYGBL claims due to insufficient pleading in part because the TAC lacked any facts "specifying where Plaintiff Peck's transaction took place."  (Op. at 11); *see Rodriguez v. It's Just Lunch, Int'l*, No. 07-9227, 2010 WL 685009, at *7 (S.D.N.Y. Feb. 23, 2010); *English v. Danone N. Am. Pub. Ben. Corp.*, No. 22-5105, 2023 WL 4187515, at *2 (S.D.N.Y. June 26, 2023).  Plaintiffs remedied this deficiency by pleading that Plaintiff Peck "purchased a Chromebook Plus from a Best Buy retail location in 7550 Commons Blvd., Victor, NY[.]"  (FAC ¶ 35.)

Despite curing this specific deficiency, Plaintiffs still fail to supply the Court with sufficient facts to state a claim for relief under the NYGBL.  To survive a motion to dismiss their two NYGBL claims, Plaintiffs were required to plead "specific allegation[s] as to what marketing materials and sales materials were deceptive, misleading, or how the misleading acts were material."  (August Opinion at 12.)  NYGBL § 350 also requires that a "plaintiff must plead reliance on a false advertisement at the time the product was purchased."  (*Id.*)  The only additional facts provided in the FAC include Plaintiff Peck's Class Device's serial number, that the device "was intended for to be used for schoolwork, as well as for personal use" and that "she anticipated bringing it with her on vacations[,]" and finally that Plaintiff Peck bought this device because of the "quality and durability, and the brand's expected reliability" compared to the products of its competitors.  (FAC ¶¶ 36-37.)  This is not enough factual support to establish either NYGBL claim, which requires specific facts related to deceptive marketing materials and reliance on such false advertisements.

4

After four unsuccessful opportunities to remedy their NYGBL claims, it appears that Plaintiffs do not possess the necessary facts to succeed in these claims, and thus any further amendment would be futile. A finding that leave to amend would be futile is proper when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 514 (E.D. Pa. 2018) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Therefore, Counts I and III are dismissed with prejudice. *See Afzal v. N.J. Bd. of Med. Exam'rs*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sep. 2, 2022) (affirming dismissal with prejudice after plaintiff failed to adequately plead claims after multiple amendments); *Gap Props., LLC v. Cairo*, No. 19-20117, 2022 WL 17250572, at *7-8 (D.N.J. Nov. 28, 2022) (dismissing claim with prejudice after three failed amendments); *Paramount Residential Mortg. Grp., Inc. v. Nationwide Mortg. Bankers, Inc.*, No. 22-4656, 2024 WL 2764821, at *6 (D.N.J. May 30, 2024).

### B. Multi-State Unjust Enrichment

Plaintiffs reassert their surviving unjust enrichment claim and propose a "multi-state unjust enrichment" class for states "which contain unjust enrichment laws similar to the claims sustained herein for purchasers of the Class Devices in New York, Missouri, and Oklahoma[.]" (FAC ¶ 90.) However, a "named plaintiff must be part of the class which he seeks to represent." *Semeran v. Blackberry Corp.*, No. 15-750, 2016 WL 3647966, at *6 (D.N.J. July 6, 2016); *see also Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be a part of the class."); *Schlesinger v. Reservists Comm. To Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class."). The named Plaintiffs in this action reside in Missouri, Oklahoma, and New York. (FAC ¶¶ 12-14.) Critically, in class action lawsuits "courts in this Circuit have

5

held that the plaintiff does not have standing to assert claims under the laws of states in which he does not reside." *Semeran*, 2016 WL 3647966, at *6. No named plaintiff resides or was injured in any state beside New York, Missouri, or Oklahoma, and thus Plaintiffs lack standing to assert an unjust enrichment claim for any state other than New York, Missouri, and Oklahoma. *See Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020) (finding that "[p]laintiffs' lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where plaintiffs have suffered no alleged injury"); *McGuire v. BMW of N. Am., LLC*, No. 13-7356, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014) ("this Court agrees that the [named] Plaintiff here [in a class action lawsuit] lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury").

Accordingly, Plaintiffs' multi-state unjust enrichment claim must be dismissed to the extent it is asserted beyond New York, Missouri, and Oklahoma. The unjust enrichment claims for these states, however, survive for the reasons previously determined by this Court. (*See* August Opinion at 16.) Though this claim survives, "Plaintiffs are cautioned that this court will not tolerate frivolous litigation that wastes judicial resources" and should ensure that subsequent amended complaints make a credible attempt to address deficiencies identified by the Court in this and its previous opinions. *Karupiayan v. Infosys, BPM*, No. 21-20796, 2023 WL 1452340, at *3 (D.N.J. Jan. 27, 2023).

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. A court may dismiss a claim with prejudice when leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Because Plaintiffs have failed to identify any pertinent facts required to establish their NYGBL claims, amending the

6

complaint for a fifth time would be futile, and the will Court dismiss Counts I and II with prejudice. Count III is dismissed without prejudice as it pertains to the multi-state unjust enrichment claim; however, Plaintiff's unjust enrichment claims under New York, Oklahoma, and Missouri law survive. *See McGuire*, 2014 WL 2566132, at *7 (D.N.J. June 6, 2014) ("The Court grants Defendant's motion insofar as it moved to dismiss Plaintiff's unjust enrichment claim and multi-state class allegations.") An appropriate Order follows.

>*/s/ Jamel K. Semper*
>**Hon. Jamel K. Semper**
>**United States District Judge**

Orig:   Clerk
cc:     Parties
        Jessica S. Allen, U.S.M.J.